# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59189-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| FRANCIS E. HICKMAN, | |
| Petitioner. | |

CHE, J. — Francis Elliott Hickman filed a motion to remit legal financial obligations (LFOs) from his 1999 judgment and sentence, including the crime victim penalty assessment (VPA), court costs, court appointed attorney/investigator costs, restitution, and interest on restitution. The trial court only expressly addressed Hickman's request regarding the interest on restitution when it denied Hickman's motion. Hickman sought discretionary review of the trial court's order denying his motion to remit the LFOs. This court granted discretionary review of issues regarding court costs and the VPA but denied review of any issue regarding restitution.

Hickman argues the trial court abused its discretion in deciding his motion with regard to nonrestitution LFOs. The State concedes that remand to the trial court for consideration of nonrestitution LFOs is warranted.

We accept the State's concession and remand to the trial court to determine whether waiver or remittance of Hickman's nonrestitution LFOs is warranted.

FACTS

In 1999, a jury found Hickman guilty of first degree robbery, first degree attempted assault, second degree kidnapping, two counts of third degree assault, and attempted residential burglary. The trial court sentenced Hickman to life in prison without the possibility of parole.

The trial court also imposed $24,668.50 in LFOs. The LFOs included $23,358.50 in restitution, a $500 VPA, $210 in court costs (consisting of $110 court filing fee and $100 jury demand fee), and $600 in fees for a court appointed attorney/investigator.

In 2023, Hickman filed a motion with the trial court to remit "all Legal Financial Obligations."[1] CP at 12. Hickman requested remittance pursuant to a list of statutes, including RCW 7.68.035 and RCW 10.01.160(4). Hickman argued that he was indigent as defined in RCW 10.101.010(3).[2] He also argued that, regarding restitution and its related interest amount, the record did not include a request for restitution by the victim. Hickman requested that the trial court order the State to produce "a certified copy of the victim's request, a certified copy of the

---

[1] Hickman filed two motions with the trial court on the same day: a Motion to Remit [LFOS] and Interest and a Motion to Strike Court Costs, Restitution and Interest. CP at 10-12, 13-14. The State and the trial court appear to have considered both motions as one motion. Substantively, both of Hickman's motions contain the same contents relevant to this appeal.

[2] RCW 10.101.010(3) provides:

> (3) "Indigent" means a person who, at any stage of a court proceeding, is:
> (a) Receiving [certain] types of public assistance . . .; or
> (b) Involuntarily committed to a public mental health facility; or
> (c) Receiving an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level; or
> (d) Unable to pay the anticipated cost of counsel for the matter before the court because his or her available funds are insufficient to pay any amount for the retention of counsel.

victim's assessment, a copy of the order imposing restitution based on the findings of the assessment, or strike the restitution, and the interest." CP at 13-14 (capitalization omitted).

In response, the State opposed terminating the nonrestitution principal LFOs, but agreed to terminate any interest on the nonrestitution LFOs. Regarding restitution LFOs, the State opposed terminating the principal or reducing any interest.

The trial court denied Hickman's motion but only addressed Hickman's request regarding the restitution interest. Ord. re: Legal Fin. Obligations (Dec. 22, 2023). CP at 19-21. The trial court denied Hickman's request because it found that Hickman had not paid the restitution principal in full.

Hickman sought discretionary review of the trial court's order denying his motion, requesting review of the trial court's decision to deny striking all LFOs.[3] Mot. for Discr. Rev. (Mar. 14, 2024). Our commissioner granted discretionary review only to the issues of court costs and the VPA but denied review of the restitution issue. Am. Ruling Den. Rev. in Part, & Grant. Rev. in Part (Aug. 16, 2024).

ANALYSIS

Hickman argues that the trial court abused its discretion in deciding Hickman's motion to remit the LFOs.[4] Specifically, Hickman asserts that the trial court erred by not finding him

---

[3] Hickman originally filed a notice of appeal of the decision, but this court considered his notice to have the same effect as a notice for discretionary review pursuant to RAP 5.1(c). Letter from Derek M. Byrne, Clerk of Ct., to Ryan P. Jurvakainen, Cowlitz County Prosecuting Att'y, and Francis E. Hickman (Feb. 29, 2024).

[4] Hickman also asks us to amend our court's order denying discretionary review of the trial court's decision regarding restitution. However, Hickman did not move for modification of our commissioner's ruling. We decline to revisit our court's decision to deny review of the restitution issue.

indigent and not considering the applicable law or his arguments fairly. The State concedes that, for the purposes of appeal, Hickman is indigent. The State also agrees with Hickman that the trial court below failed to address whether it should grant remittance of all court costs and/or waiver of the VPA. Accordingly, the State concedes that remand to the trial court for consideration of Hickman's requests regarding nonrestitution LFOs is warranted here. We accept the State's concession.

Hickman moved the trial court to remit his LFOs and cited RCW 7.68.035 and RCW 10.01.160(4) as two bases for his request. Both statutes allowed Hickman to request waiver or remittance of the VPA and court costs based on Hickman being indigent. RCW 7.68.035 governs VPAs and provides that, upon a defendant's motion, "the court shall waive any crime [VPA] imposed prior to July 1, 2023, if" the defendant was a juvenile at the time of the VPA's imposition or the defendant does not have the ability to pay the VPA, including if the defendant is indigent. RCW 7.68.035(5).

RCW 10.01.160(4) allows a defendant, who has been ordered to pay costs and has not willfully failed to pay, to petition the sentencing court for remission of the payment of costs or any unpaid portion. The sentencing court may then remit all or part of the amount due, modify the method of payment, or convert the unpaid costs to community restitution hours if the court is satisfied that the payment amount due will impose a manifest hardship on the defendant or the defendant's immediate family. RCW 10.01.160(4).

Here, the trial court made no finding whether Hickman qualified for waiver or remittance of nonrestitution LFOs. Accordingly, we accept the State's concession that remand to the trial court for consideration of Hickman's requests regarding the nonrestitution LFOs is warranted.

No. 59189-8-II

CONCLUSION

We remand to the trial court to determine whether waiver or remittance of Hickman's nonrestitution LFOs are warranted.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Lee, P.J.

Glasgow, J.

5